MELENTHIN *v.* KEITH.

(*Circuit Court, D. Minnesota.* June Term, 1883.)

EJECTMENT—TITLE OF PLAINTIFF—LAND CONTRACT.

A party who has paid part of the purchase money for land, and has made a contract with the owner that he may go into possession and cultivate the land and build thereon, and receive a deed therefor when the balance of the purchase money is paid, has sufficient title to maintain an action of ejectment.

MILLER, Justice. This is in the nature of an action of ejectment, brought to the United States circuit from the state court, by removal. The defendant makes a motion for judgment on the face of the papers, on the ground that the plaintiff's title is not a legal title, being simply a paper, or document, which the railroad company, who had the legal title, executed to him. The strict legal title—the full title—did not inure to the party who purchased the land of the railroad; and counsel for defendant relies upon the general proposition

that an action of ejectment cannot be maintained by a party where the legal title is in somebody else. That general proposition is stated by him too strongly. The legal title may be subdivided into several estates. There may be a legal title which is a fee-simple; there may be a legal title which is an estate in remainder; there may be a legal title which is a lease, the leasehold interest being in the lessee, and the title of the fee in the lessor. Any of these is sufficient, if the party out of possession, to maintain an action of ejectment. The proposition is still stronger in most of these western states, where the language of the statute is that any party out of possession of real estate may bring an action to recover. But, conceding that in the United States courts a party can only recover on a legal title, as contradistinguished from an equitable title, I think that counsel for defendant in this case has not considered the fact that the plaintiff in this case, while he has a legal right of present possession, will have an equitable right to obtain the title from the railroad company when the money is all paid up. He has the legal right to the possession of that property if the vendor can give such a legal right, because the vendor has about $200 of the purchase money, and has agreed that the plaintiff shall go into possession,—take possession of, cultivate, and build, I think, is the language; something to that effect,—which necessarily implies a right of possession.

Now, taking the title of the railroad company, and the right which it has conferred on its vendee to possession, there is in this plaintiff a strict legal right of possession in this property, which does not depend upon any equitable proceedings whatever. If the defendant has a better right to the possession, he can show it; but as the papers stand I am of opinion that the contract between the railroad company (which in this motion is conceded to have a legal title) with the plaintiff in this case, which gives him the right of possession of the property, is a legal contract, and conferred the legal right of possession.

The motion in this case is, therefore, overruled.

